NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1003

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 3134

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment upholding his reclassification by the Sex Offender Registry Board (SORB) as a level three sex offender. He claims that the hearing examiner improperly relied on hearsay, and he seeks a new reclassification hearing so that he can present additional evidence. We affirm.

Background. On June 10, 2004, SORB originally classified Doe as a level two sex offender. This classification followed Doe's guilty pleas on two counts of indecent assault and battery on a child under fourteen, in violation of G. L. c. 265, § 13B. The convictions stemmed from a 1993 incident in which Doe, then

age twenty-six, touched the penis of a six year old male neighbor and had the boy touch his penis.

On or about May 20, 2020, following a hearing, SORB reclassified Doe as a level three sex offender. This reclassification followed guilty pleas to indecent assault and battery, in violation of G. L. c. 265, § 13H, and kidnapping, in violation of G. L. c. 265, § 26. These new convictions stemmed from a police investigation that followed a routine stop of a motor vehicle driven by Doe, then age forty-six, in Haverhill. During the stop, a male passenger, later identified as a sixteen year old juvenile missing from Vermont, fled from Doe's vehicle. After the police found him (barefoot, exhausted, unbathed, and suffering from cuts and abrasions), the juvenile reported that Doe drugged, kidnapped, and raped him. Complaints issued charging Doe with rape and kidnapping, and he later pleaded guilty to indecent assault and battery and kidnapping.

Doe challenged the reclassification decision and argued that the hearing examiner improperly credited the juvenile's detailed accounts of the Haverhill rape, and accordingly, SORB's decision was unsupported by substantial evidence. A Superior Court judge denied Doe's motion for judgment on the pleadings and affirmed the level three classification. Doe appeals.

Discussion. A reviewing court can only "set aside or modify [SORB's] classification decision where it determines that

the decision is in excess of [SORB's] statutory authority or jurisdiction, is based on an error of law, is not supported by substantial evidence, or is an arbitrary and capricious abuse of discretion." Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 754 (2021) (Doe No. 3177). In making this determination, we "give due weight to the experience, technical competence, and specialized knowledge of the agency." G. L. c. 30A, § 14 (7). Doe therefore "bears a heavy burden of establishing that [SORB's] decision was incorrect." Doe No. 3177, supra at 757, quoting Boston Police Dep't v. Civil Serv. Comm'n, 483 Mass. 461, 469 (2019).

1. The hearing examiner's reliance on hearsay. On appeal, Doe contends that the hearing examiner improperly relied on the juvenile's statement to the Haverhill police in concluding that Doe committed a new sexual offense that warranted a level three classification. "The range of evidence that may be considered by hearing examiners is not limited by the same rules of evidence that apply in court proceedings; hearing examiners may exercise their discretion to admit and give probative value to evidence 'if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs.'" Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 26 (2021) (Doe No. 339940), quoting G. L. c. 30A, § 11 (2). "[H]earsay evidence bearing

indicia of reliability constitutes admissible and substantial evidence" (citation omitted). Doe No. 339940, supra. See Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89-90 (2019) (Doe No. 523391). Considering the circumstances in which the statements were made to the police, including the general plausibility and consistency of the juvenile's story, the degree of detail, the motives of the narrator, and the presence of corroborating facts, we discern no error. See id. at 89.

On the heels of fleeing from Doe's vehicle, and appearing in need of medical evaluation, the juvenile told the police a detailed account that bespoke reliability. Not getting along with his family in Vermont, the juvenile stayed at Doe's residence. After Doe climbed on top of him several times during his stay and once performed oral sex on his penis and anus, the juvenile left and returned to his grandparents' home in Vermont. Unhappy in Vermont, the juvenile arranged for Doe to pick him up. Doe picked him up and gave him a soda bottle filled with a strange, syrup-like liquid. The juvenile passed out after drinking the liquid and awoke in Doe's bedroom where they smoked methamphetamine. Spending drug-fueled days with Doe, the juvenile awakened on two occasions to find Doe attempting oral sex, and once to Doe performing oral sex on him. On the third occasion, the juvenile punched Doe in the head, and Doe threw

4

him against a wall and threatened to kill him.  Violence escalated after another incident when the juvenile awoke to find Doe attempting to use "anal beads" on him.  During this incident, the juvenile stabbed Doe in the right side of his stomach with a drill bit taken from the basement earlier.  The following day, the juvenile again awoke in Doe's bed and found Doe "rubbing his hands up his thighs" and attempting to use a large dildo on him.

Additional facts in the record corroborated the juvenile's account.  See Doe No. 523391, 95 Mass. App. Ct. at 89-90 (indicia of reliability include detailed account, admissions by offender, and independent corroboration).  Doe's physical appearance was consistent with his narrative of violence and prolonged captivity (barefoot, exhausted, unbathed, under the influence of drugs, and suffering from cuts and abrasions).  Doe's statement to the police corroborated much of the juvenile's account of their interactions, including a wound on Doe's stomach -- acknowledged by Doe but attributed to a mere burst and infected pimple.  Doe's guilty pleas to the charges of indecent assault and battery and kidnapping lent additional corroborative force to the juvenile's narrative.  Further police investigation corroborated additional details mentioned by the juvenile.  Searching Doe's home, the police located the "anal beads" described by the juvenile as well as the juvenile's

5

belongings including a Bluetooth speaker, sneakers, and a backpack. In Doe's vehicle, the police located a brown liquid stain on the inside of the passenger front seat where Doe gave the juvenile the brown syrupy liquid to drink. The vehicle also contained drugs and drug paraphernalia. Thus, the hearing examiner properly considered the various indicia of reliability and could properly credit the juvenile's account of Doe's conduct. The absence of a plea to the rape charge did not render the juvenile's statements about being raped unreliable or otherwise preclude the hearing examiner from considering the statements. See Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 79 (2015) (examiner "permitted to consider other instances of conduct that did not result in a conviction").

The hearing examiner was also not bound to accept Doe's evidence suggesting that the juvenile was not credible. See Doe No. 523391, 95 Mass. App. Ct. at 89-91. For example, Doe presented documents to the hearing examiner, including social media posts and newspaper articles, about the juvenile's role in a fatal motor vehicle crash several weeks after Doe's arrest and allegations that he lied to the police about the crash and incurred criminal charges. Even if these documents, accepted as exhibits at the hearing, bore the requisite indicia of reliability, it is within the province of the hearing examiner,

6

and not an appellate court, to assess the credibility and materiality of such evidence.  See 803 Code Mass. Regs. § 1.19(1)(h) (2016).  We discern no error from the examiner crediting the juvenile's account and thereby implicitly declining to assign weight to Doe's exhibits.

We also reject Doe's contention that the hearing examiner "simply '[found] as fact' all of [the juvenile's] implausible allegations" simply because Doe pleaded guilty.  Contrary to Doe's argument, the hearing examiner did not rely merely on the guilty pleas.  As the hearing examiner explained, the juvenile's statement contained sufficient detail including "dates, times and events leading up to the sexual assaults" for her to conclude that Doe raped the juvenile "[d]espite the fact that [Doe] plead[ed] guilty to a lesser offense of indecent assault and battery."  See Covell v. Department of Social Servs., 439 Mass. 766, 785-786 (2003) (detailed and consistent reports of abuse considered substantial evidence despite being presented only through hearsay sources).

2. Other claims.  Doe raises two additional claims. First, he contends that without the hearsay statements of the juvenile, the record lacks substantial evidence to support his reclassification.  We disagree with this contention because, as previously discussed, the hearing examiner properly considered the juvenile's reliable hearsay.

7

Second, Doe contends that he should "have an opportunity to present the evidence he had been trying to seek out."  This claim appears to be related to a prehearing motion to continue while Doe investigated the viability of an ineffective assistance of counsel claim and the possibility of filing a motion to withdraw his pleas to the Haverhill incidents.  The hearing examiner denied this motion to continue and concluded that SORB had jurisdiction to proceed with the hearing, and Doe could still pursue an appeal from his convictions.  We discern no "abuse of discretion."  Soe, Sex Offender Registry Bd. No. 252997 v. Sex Offender Registry Bd., 466 Mass. 381, 392 (2013). In particular, the hearing examiner properly recognized that the continuance of the hearing for an indeterminate time would pose a public safety risk while Doe considered challenging plea counsel's conduct through a possible motion to withdraw his pleas.

Judgment affirmed.

By the Court (Vuono, Englander & Hodgens, JJ.[1]),

Clerk

Entered:  January 2, 2025.

---

[1] The panelists are listed in order of seniority.

8